983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest L. ADKINS, Plaintiff-Appellant,
v.
WESTINGHOUSE MATERIALS COMPANY OF OHIO, INC Westinghouse
Materials Company of Ohio Retirement Plan # 250,
Defendants-Appellees.
 No. 92-3041.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1993.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge[1]
 PER CURIAM.
 
 
 1
 Plaintiff Appellant Adkins appeals the granting of the motion for summary judgment for defendants in the United States District Court for the Southern District of Ohio, Western Division. We affirm the judgment of the district court.
 
 
 2
 Appellant commenced his employment for National Lead Co. of Ohio, on July 1, 1952, to work at its Fernald plant. He remained employed until March 1, 1971, when NLO laid him off due to a reduction in force. At that time NLO refunded all contributions he had made to the NLO retirement plan. This lawsuit was brought seeking to compel reinstatement of pension service credit lost at the time of his March 1, 1971, layoff.
 
 
 3
 Upon being recalled to work on September 1, 1971, Adkins resumed participation in the NLO retirement plan. He remained employed and continued to participate in the plan through January 1, 1986, when Westinghouse Materials Co. of Ohio, Inc., took over the operation of Fernald. Since that date, Adkins has remained an employee and contributor to the Westinghouse Retirement Plan No. 250, which is a successor to the NLO retirement plan.
 
 
 4
 On June 21, 1991, Adkins sued Westinghouse and the retirement plan for ERISA benefits in excess of those offered, i.e. benefits for the period of employment that encompassed his pre-layoff date of March 1, 1971. Westinghouse denied payments sought on grounds that such period predated the effective date of ERISA.
 
 
 5
 Westinghouse filed a motion for summary judgment asserting the above-stated basis as well as the statute of limitations. Judgment was entered for the defendants and against the plaintiff by District Judge Carl B. Rubin. In granting the motion the court held that the plaintiff had failed to establish a viable ERISA claim and thus, as a matter of law, was not entitled to payments for his pre-ERISA contributions. That holding was dispositive and the court did not deem it necessary to address the statute of limitations issue. The remaining state pendant claims were dismissed for lack of subject matter jurisdiction.
 
 
 6
 We have carefully considered the record and the issues presented on appeal. We find no error warranting reversal. Therefore, we AFFIRM the granting of the motion for summary judgment for the reasons set forth in the well reasoned opinion of the district judge.
 
 
 
 [1]
 The Honorable Charles M. Allen, Senior United States District Judge for the Western District of Kentucky, sitting by designation